The Chief Justice
delivered the opinion of the Court.
Baltzel sold, and conveyed to Samuel, a tract of land, and assured the title by covenant of, general warranty.
Samuel sold the land to Crawford, who entered and built a house upon it.
Waller, who had entered on the land, and inclosed, a part of it, for a plant bed, before the entry of Crawford, obtained a verdict for restitution, in a proceeding of forcible entry and detainer.
Crawford traversed the inqusition, which was found' to be true, by a jury, in the circuit court, where a judgment was rendered in favor of Waller, for costs,
Crawford then purchased from Waller, his claim, for which, he gave him his recourse on Samuel.
This suit wa? instituted by Samuel, against Balize! m hi* covenant of warranty, in which he recovered *199 a judgment for $820 25 cents; to reverse which, this writ of error is prosecuted, with a supersedeas.
if vendee lias not been-in ye“"" r°r judgment of restitution in favor of stranger, on writ of forcible en-evidence of want of fe tie in vendor, as to enable vendee to re-^ tnarUofgen" eral warranty
Although some of the breaches, in some of the counts, may be defectively assigned, and would not, therefore/sustain the verdict, we have no doubt that the first count, in the amended declaration, is good, and contains no defective breach. This court will, therefore, uphold the verdict.
But there is one radical defect in the proof of the plaintiff below. He was not evicted. There was no judgment for restitution, in the circuit court. And if there had been such a judgment, it would not sustain the judgment in this Case. J ° -
It is' not proved, that Samuel ever took actual possession of the land. It is not shewn that Waller entered on it, until about two years after the date of Baltzel’s deed to Samuel. Crawford did not enter, until after the entry of Waller.
These facts would entitle Waller to restitution, whether he had title to the land or not. If Samuel had entered, before the entry of Waller, the possession might never have been disturbed.
The verdict for restitution to Waller, does not, therefore, prove that Baltzel hdd not the possession, the right to the possession, and the paramount title to the land, when he sold it to Samuel.
And, consequently, a judgment for restitution to Waller, cannot, under these circumstances, prove a •a breach of the covenant of warranty.
We will not say, that, if Samuel or Crawford had entered immediately after the conveyance to Samuel, and Waller had evicted him on a warrant for forcible entry, there would have been no breach of the covenant.
But as the verdict for restitution,-was based on the possession of Waller, which was taken after the dato of Baltzel s deed, a judgment on that verdict, would not have been sufficient evidence óf a breach of the • warranty, because, it would not necessarily shew ■such an eviction by. paramount title, as would amount to .a breach of the covenant of warranty»
j(/jonroe? for plaintiff; Marshall and Hoggin, for dé iendant.
Wherefore, the judgment, is reversed, and the cause remanded for a new trial.